UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY DENSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GARLAND DENSON, | ) ) ) ) ) | CIVIL ACTION NO. 2:23-cv-02503-DCN |
| Plaintiffs, | ) ) | COMPLAINT (DECLARATORY JUDGMENT ACTION) |
| vs. | ) ) | |
| NATIONAL CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) | |

Plaintiff alleges as follows:

1. Plaintiff, Anthony Denson, is a citizen and resident of the State of Tennessee.

2. Plaintiff is the lawfully appointed Personal Representative of the Estate of Garland Denson (decedent), who died intestate on June 24, 2020. See Probate File No. 2020-ES-08-541-2.

3. Upon information and belief, Defendant is an insurance company organized under the laws of the State of Wisconsin and transacts business in South Carolina.

4. This action is brought pursuant to 28 USCA 2201, et. seq.

5. On June 24, 2020, a patron Steve Jones was overserved alcohol at an establishment known as Royal Lanes, located at 106 Central Avenue, Goose Creek, South Carolina, in violation of state law.

6. Royal Lanes is owned and operated by Watershed Enterprises, LLC and Blue Tower Enterprises, LLC.

1

7. Within a mile after leaving Royal Lanes, Jones disregarded a red light and slammed into the driver's side of the vehicle being operated by decedent, causing fatal injuries. (Exhibit 1)

8. A Time Demand which would have protected Watershed Enterprises, LLC, and Blue Tower Enterprises, LLC d/b/a Royal Lanes, from any personal exposure was mailed to Defendant on October 30, 2020. (Exhibit 2)

9. Defendant failed to comply with the conditions set forth in the Time Demand, asserting there was no coverage for liquor liability. (Exhibit 3)

10. Investigation, including Royal Lanes' employees documenting the copious amount of alcohol served to Jones (Exhibit 4), as well as Jones' blood-alcohol test results conducted hours later were greatly in excess of the legal limit, (Exhibit 5) confirmed Royal Lanes continued to serve Jones alcohol after he was visibly intoxicated, in violation of state law.

11. A dram-shop action was filed by Plaintiff against Steve Jones, Watershed Enterprises, LLC, and Blue Tower Enterprises, LLC, d/b/a Royal Lanes, on August 27, 2020. See Civil Action No. 2:20-cv-03052-DCN. (Exhibit 6)

12. Defendant refused to provide coverage and/or provide a defense for the above-referenced lawsuit, asserting this policy did not provide liquor liability coverage. (Exhibit 3)

13. As a result of Defendant's failure to provide insurance coverage and/or provide a defense, Watershed Enterprises, LLC, and Blue Tower Enterprises, LLC, d/b/a Royal Lanes, was required to retain and pay for legal counsel.

14. After thoroughly investigating the allegations complained of in the dram-shop complaint, Watershed Enterprises, LLC, and Blue Tower Enterprises, LLC, d/b/a Royal Lanes, considered it in their best interests to confess judgment in the amount of $5 million. (Exhibit 7)

15. At the time of the loss, Watershed Enterprises, LLC, and Blue Tower Enterprises, LLC d/b/a Royal Lanes, were insured by an insurance policy issued by Defendant, Policy number KKO0000024233500 (this policy).

16. Upon information and belief, this policy was issued on or about March 26, 2020, with effective dates of March 26, 2020 - June 26, 2020.

17. This policy did not provide liquor liability coverage.

18. This policy replaced a prior insurance policy (prior policy) that did provide liquor liability coverage, with policy limits of $1,000,000.00.[1]

19. Upon information and belief, the prior policy lapsed on or about March 26, 2020.

20. Prior to litigation, Defendant was advised its failure to comply with S.C. Section 61-2-145 rendered it liable for the subject claim; however, Defendant, through its counsel, denied any culpability. (Exhibit 8)

21. According to South Carolina law, Defendant was required to notify the South Carolina Department of Revenue that Royal Lanes no longer had an insurance policy providing liquor liability coverage:

> "Each insurer writing liquor liability insurance policies or general liability insurance policies with a liquor liability endorsement to a person licensed or permitted to sell alcoholic beverages for on premises consumption, in which the person so licensed or permitted remains open to sell alcoholic beverages for on premises consumption after 5:00 PM, must notify the department in a manner prescribed by department regulations of the lapse or termination of the liquor liability insurance policy or the

---

[1] This allegation is not in dispute. See "Anthony Denson, as Personal Representative of the Estate of Garland Denson v. National Casualty Company," 2023 WL 2672096; footnote 2.

3

        general liability insurance policy with a liquor liability endorsement." S.C. Code of Laws, Sec. 61-2-145."

22. Defendant failed to notify the South Carolina Department of Revenue the prior policy had lapsed/terminated.[2]

23. According to South Carolina common law, Defendant's failure to notify the Department of Revenue of the lapse or termination of compulsory liability coverage mandates that the prior policy which provided liquor liability coverage remain in full force and effect.[3]

24. Defendant failed to comply with the time demand.

25. A liability insurance company is required to protect its insured from an excess judgment, if that is the reasonable thing to do.[4]

26. As the liability policy was in full force and effect, by operation of law, at the time the aforementioned time-sensitive demand was received by Defendant, Defendant's failure to comply with the conditions set forth in the demand renders it liable for the full amount of the $5 million dollar judgment, plus interest.

WHEREFORE, Plaintiff requests the Court to inquire into the issues and award the following relief:

1. Declare the prior policy providing liquor liability coverage remained in full force and effect on June 24, 2026;

2. Order Defendant to immediately pay to Plaintiff the amount of $5 million, plus interest; in the alternative, order Defendant to

---

[2]This allegation is also not in dispute; Denson, supra, footnote 3.

[3]See United States Fidelity and Guaranty Company v. Security Fire and Indemnity Company, 248 S.C. 307, 149 S.E. 2d 647 (1966); National Fire Insurance Company v. Jordan, 258 S.C. 56 (1972).

[4]See Tyger River Pine Company v. Maryland Casualty Company, 170 S.C. 286, 170 S.E. 346 (1933) and its progeny.

4

    immediately pay to Plaintiff the insurance policy's liquor liability coverage limits of $1 million;

3. For such further relief as the Court deems proper.

          S/JOHNNY F. DRIGGERS
          JOHNNY F. DRIGGERS, ESQUIRE
          108 Central Avenue, Suite 7
          Post Office Box 757
          Goose Creek, SC 29445
          (843) 572-8222
          (843) 797-2114 (facsimile)
          ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

June 6, 2023.